**ZWEIBACK, FISET & ZALDUENDO, LLP**
Jeanine Zalduendo (SBN 243374)
William Odom (SBN 313428)
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
Telephone: (213) 266-5170
Email: *jeanine.zalduendo@zfzlaw.com*
Email: *william.odom@zfzlaw.com*

Attorneys for Plaintiff X Corp.

[continued on next page]

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., a Nevada corporation, | Case No. 3:25-cv-10423-TLT |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| YAO YUE, an individual; IOP SYSTEMS, INC., a Delaware corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

JOINT CASE MANAGEMENT STATEMENT

**MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP**
Sterling A. Brennan (SBN 126019)
Christina L. Trinh (SBN 307879)
100 Spectrum Center Drive, Suite 1200
Irvine, CA 92618
Telephone: (949) 202-1900
Email: *sbrennan@mabr.com*
Email: *ctrinh@mabr.com*

Jason A. Crotty (SBN 196036)
450 Sansome Street, Suite 1005
San Francisco, CA 94111
Telephone: (415) 738-6228
Email: *jcrotty@mabr.com*

Attorneys for Defendants Yao Yue
and IOP Systems, Inc.

i

JOINT CASE MANAGEMENT STATEMENT

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16-9, Plaintiff X Corp. ("X Corp.") and Defendants Yao Yue and IOP Systems, Inc. (together, "Defendants"), by and through their undersigned attorneys, conferred telephonically on March 2, 2026, and hereby submit this initial Joint Case Management Statement.

1.    **JURISDICTION AND SERVICE**

This Court has federal-question subject-matter jurisdiction of X Corp.'s Defend Trade Secrets Act claim because it arises under federal law, and has supplemental subject-matter jurisdiction of X Corp.'s state-law claims because they arise from the same common nucleus of operative fact as X Corp.'s federal claim.  Additionally, this Court has diversity subject-matter jurisdiction of all X Corp.'s claims because X Corp.'s residence is completely diverse from Defendants' residences, and the amount in controversy exceeds the statutory limit.  Personal jurisdiction and venue are proper in this district because Defendants either are based or live and work here.  Defendants have answered the complaint without challenging jurisdiction or venue.  All parties have been served.

2.    **FACTS**

X Corp.'s Statement

Defendant Yao Yue ("Yue") was an employee of X Corp. from approximately November 2010 to November 15, 2022, when her employment was terminated.  At the time of her termination in November 2022, Yue was the head of X Corp.'s Infrastructure Optimization and Performance ("IOP") team, which developed and perfected specialized proprietary performance monitoring and benchmarking tools used to optimize the performance of X Corp.'s complex social media platform, allowing it to operate at scale with maximum efficiency and minimal resource expenditure.

X Corp. later discovered that, on December 4, 2022, weeks after her employment was terminated, Yue connected multiple removable USB storage devices to her company-issued laptop and downloaded approximately six million lines of X Corp.'s proprietary source code onto the USB devices.  Yue has admitted that she went to X Corp.'s headquarters after her employment was terminated and downloaded information from her company-issued laptop.  The source code Yue exfiltrated comprised trade secrets belonging to X Corp.  Additionally, for several months following

JOINT CASE MANAGEMENT STATEMENT

her termination, Yue has admitted to repeatedly contacting X Corp. employees encouraging them to redesignate as "open source" certain X Corp. proprietary data assets.

Concurrent to the exfiltration event, Yue formed a new company, aptly named IOP Systems, Inc. ("IOP Systems"), which Yue continues to own and manage. Yue and IOP Systems then utilized X Corp.'s exfiltrated source code containing proprietary and highly specialized tools for service efficiency profiling and monitoring performance, along with other X Corp. proprietary information like data and traces, to create IOP Systems's client software that deploys these same tools, data, and traces. Yue and IOP Systems have therefore profited from misuse of X Corp.'s trade secrets and other proprietary information at X Corp.'s expense.

As such, the principal factual issues for trial are:

- Whether Yue exfiltrated proprietary source code, data, and/or traces, belonging to X Corp. without permission;

- Whether the material that Yue exfiltrated contained X Corp.'s trade secrets, as defined by the Defend Trade Secrets Act, 18 U.S.C. § 1836;

- Whether Yue accessed X Corp.'s computer network without permission in violation of Cal. Pen. Code § 502;

- Whether Yue retained any other confidential or proprietary information belonging to X Corp. following her termination;

- Whether or not Yue and IOP Systems have retained, used, and/or disclosed X Corp.'s trade secrets, in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836;

- Whether IOP Systems has been unjustly enriched at X Corp.'s expense;

- The extent to which Yue and IOP Systems have profited from their misconduct;

- The extent to which X Corp. has been harmed by Defendants' misconduct;

- Whether Yue's and IOP Systems's business practices are unlawful, unfair, and/or fraudulent under Cal. Bus. & Prof. Code § 17200 *et seq.*;

- The measure of damages to which X Corp. is entitled as a result; and

- Whether X Corp. is entitled to injunctive relief.

JOINT CASE MANAGEMENT STATEMENT

Defendants' Statement

In November 2022, in the wake of the chaotic acquisition of Twitter by Elon Musk, defendant Yao Yue — then a former long-time Twitter employee — tweeted some of her thoughts regarding the acquisition and its impact on Twitter employees. Ms. Yue also spoke to a journalist after she was terminated on November 15, 2022, about the tumult and her experience. Until shortly before her termination, Ms. Yue managed a group within Twitter — the Infrastructure Optimization and Performance Team ("IOP Team") — that was tasked with improving the efficiency and utilization of the overall Twitter system. After the acquisition, Ms. Yue and the bulk of the IOP Team were either terminated or resigned, and many joined Ms. Yue in a new venture called IOP Systems. In late 2025, years after the alleged events took place, X Corp. filed this lawsuit against Ms. Yue and IOP Systems, alleging that Ms. Yue misappropriated X Corp. trade secrets and she and IOP Systems used those trade secrets. X Corp. also asserted related causes of action.

IOP Systems was formed by Ms. Yue and other former Twitter employees after their departure from Twitter, and its business is helping clients with system performance. IOP Systems is not a social network and does not compete with X Corp. (formerly Twitter) in any meaningful way. As such, IOP Systems did not require any X Corp. code to begin its business — the tools it utilizes are either based on improvements to open-source code or were independently developed by IOP Systems. Ms. Yue and IOP Systems believe that their code development and version control software will confirm these facts. Neither Ms. Yue nor IOP Systems have utilized or disclosed any confidential information from X Corp.

The complaint fails to adequately allege X Corp.'s alleged trade secrets and is a scattershot of allegations, many of which have little relevance. For example, X Corp. dedicates many paragraphs to Ms. Yue's discussions with a journalist but does not base any claims on those discussions (though those paragraphs may explain X Corp.'s true motivation for this action). As another example, the Complaint makes much of a paper co-authored by Ms. Yue — along with several Twitter and academic co-authors — that purportedly disclosed Twitter confidential information but the alleged Twitter confidential information was not disclosed in the paper and does not appear to have been otherwise released to the public. Ms. Yue did inquire about the status of an existing open-sourcing

3

JOINT CASE MANAGEMENT STATEMENT

request of a former Twitter colleague but she did not initiate the open-sourcing request.  Although this request had been approved by the relevant entities within X Corp. — including those tasked with determining whether the release of data would be harmful — the confusion as to who remained at X Corp. to finalize disclosure was unclear and Ms. Yue agreed, on a former Twitter colleague's behalf, to follow up the request.  In any event, the information was never made public so it cannot be a basis for one of the causes of action.  Ms. Yue did download some personal documents (*e.g.*, her tax returns) from her Twitter laptop before it was "bricked," *i.e.*, remotely disabled by X Corp.  Ms. Yue did not download six million lines of X Corp.'s proprietary source code.

Without conceding the relevance of the principal factual issues for trial by X Corp., additional issues include: (1) the necessity for X Corp. to specifically identify its alleged trade secrets, and whether: (2) any such alleged trade secrets actually qualify as protectable trade secrets; (3) either Ms. Yue or IOP improperly obtained any protectable trade secrets; (4) Ms. Yue or IOP used or disclosed any protectable trade secrets; and (5) X Corp. was harmed in any way by any proven actions taken by Ms. Yue or IOP.

**3.      LEGAL ISSUES**

With the understanding that this case is in its infancy, the parties do not currently anticipate significant disputes regarding the applicable law, governing legal standards, or jurisdiction.

**4.      MOTIONS**

No motions are currently pending.  The parties anticipate that discovery disputes may result in motions to compel discovery, but will cooperate diligently to avoid discovery disputes where possible.

Besides potential motions to compel discovery, the parties do not currently anticipate filing other pre-trial motions (other than motions *in limine* and *Daubert* motions, etc.) but reserve the right to seek summary judgment before trial.

**5.      AMENDMENT OF PLEADINGS**

X Corp. does not anticipate amending its Complaint at this time.  However, X Corp.'s Complaint includes ten Doe defendants, and X Corp. reserves the right to name additional defendants as additional information is revealed in discovery.

4

JOINT CASE MANAGEMENT STATEMENT

Defendants do not anticipate amending their pleadings but believe that any motion to amend by X Corp. should be made soon (*i.e.*, no later than June 5, 2026) as the Complaint indicates that X Corp. already has most or all of the relevant information.  This is reflected in the proposed schedule below.

**6.     EVIDENCE PRESERVATION**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and conferred regarding the Checklist for ESI Meet and Confer.  The parties agree on the following, and agree to continue conferring in good faith throughout the discovery period regarding reasonable proposals and limits designed to reduce the expense and burden of ESI discovery:

- The relevant time period of creation and receipt dates for all ESI to be preserved is between and including November 1, 2021, through the present;

- All documents, communications, and other evidence potentially relevant to this matter, dated in the relevant time period, regardless of where or how it is stored, shall be preserved and not deleted or destroyed during the pendency of this case;

- Document and ESI discovery should not be phased or limited, except the limits that apply by default under the FRCP;

- Once the parties have exchanged written requests for production of documents, the parties will meet and confer in good faith regarding the number and identity of custodians, search terms, production formats, and any other issues that may facilitate the orderly exchange of information, taking into account the specific document requests propounded to each side; and

- Once the parties have exchanged written requests for production of documents, the parties will meet and confer in good faith regarding reasonable proposals for reducing the burden and expense of asserting privileges, such as by limiting the extent to which each side must log communications with litigation counsel and/or permitting "block" assertions of privilege in appropriate circumstances.

Furthermore, the parties certify that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties agree on the following:

- The default rules for the timing and content of initial disclosures in Fed. R. Civ. P. 26(a) shall apply; and

- The default rules for numerical and subject-matter limitations on written discovery and depositions in Fed. R. Civ. P. 27 – 36 shall apply.

**7.    DISCLOSURES**

The parties agree that they will provide initial disclosures pursuant to Fed. R. Civ. P. 26(a) within fourteen (14) days after the parties' Rule 26(f) conference.

**8.    DISCOVERY**

Discovery has not yet commenced.  The parties anticipate taking written discovery and depositions.  The parties agree that no modifications to the default discovery rules are necessary at this time.  The parties intend to propose a Stipulated Protective Order that addresses the production of confidential or highly confidential information, inadvertent production, and clawback procedure.

**9.    CLASS ACTIONS**

This case is not a class action.

**10.    RELATED CASES**

There are no related cases currently pending.

**11.    RELIEF**

X Corp.'s Complaint seeks monetary damages in the form of X Corp.'s lost profits; disgorgement of Defendants' profits; diminished value of X Corp.'s property; time spent by X Corp. employees detecting and responding to the exfiltration of its data; punitive damages; attorneys' fees, court costs, and expenses incurred in this action; and any other relief supported by the evidence at trial.  X Corp.'s Complaint further seeks permanent injunctive relief against Defendants restraining them from continuing to use or disclose X Corp.'s trade secrets and requiring them to return all property belonging to X Corp. in their possession.

6

JOINT CASE MANAGEMENT STATEMENT

Defendants seek denial of all relief requested by X Corp. and recovery of its own attorneys' fees and other costs associated with their defense.

**12.    SETTLEMENT AND ADR**

Undersigned counsel for the parties certify that they have gone over the Court's ADR options with their respective clients, and have filed the ADR certification form required by Local Rule 3-5.

**13.    OTHER REFERENCES**

The parties do not object to discovery disputes being referred to an assigned Magistrate Judge.

**14.    NARROWING OF ISSUES**

X Corp. is not currently aware of any discrete issues that could narrow the case prior to trial. Defendants believe issues regarding IOP Systems could be resolved independently, thereby narrowing the issues.

**15.    SCHEDULING**

The parties agree on the pre-trial and trial deadline schedule for this case in all respects ***except for*** the appropriate last day to hear a motion to amend pleadings or add parties.

X Corp. proposes that the last day to hear a motion to amend pleadings or add parties should be November 6, 2026, because X Corp. needs sufficient time to take discovery to determine whether any additional defendants or causes of action are appropriate, and because there is no prejudice to the current defendants that would result from the amendment of pleadings or additional parties while fact discovery is still ongoing.

Defendants propose that the last day to hear a motion to amend pleadings or add parties should be June 5, 2026.

Accordingly, the parties propose the following case schedule, in which separate columns indicate competing proposals, and a single column indicates agreement by the parties:

| Event | X Corp.'s Proposal | Defendants' Proposal |
|---|---|---|
| Last day to hear motion to amend pleadings or add parties | November 6, 2026 | June 5, 2026 |
| Close of fact discovery | April 5, 2027 | |

JOINT CASE MANAGEMENT STATEMENT

| Expert disclosure (initial) | May 3, 2027 |
|---|---|
| Expert disclosure (rebuttal) | May 24, 2027 |
| Close of expert discovery | June 7, 2027 |
| Last day to file dispositive motions (including *Daubert* motions) | June 28, 2027 |
| Last day to hear dispositive motions | August 9, 2027 |
| Joint Pretrial Statements (including objections, motions in limine, and jury instructions) | September 10, 2027 |
| Final Pretrial Conference | October 4, 2027 |
| Trial commences | November 8, 2027 |

**16.    TRIAL**

Both parties have demanded a trial by jury on all issues so triable.  The parties agree that bifurcation or phasing of the trial is not warranted.

X Corp. estimates a trial duration of 7-8 court days.  Defendants estimate a trial duration of 4-5 days.  The parties propose that the trial be set to commence on or about November 8, 2027, or a date consistent with the Court's calendar.

**17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Both parties have filed the required disclosure statements pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 3-15.

X Corp.'s Disclosed Entities and Persons: X Holdings Corp.; X.AI Holdings LLC; X.AI Corp.; Space Exploration Technologies Corp.

Defendants' Disclosed Entities and Persons:  Yao Yue; IOP Systems.

//

8

JOINT CASE MANAGEMENT STATEMENT

**18. PROFESSIONAL CONDUCT**

Counsel for both parties certify that they have reviewed and are familiar with the Guidelines for Professional Conduct for the Northern District of California.

**19. OTHER MATTERS**

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this case.

DATED: March 5, 2026 　　　　　　　　**ZWEIBACK, FISET & ZALDUENDO, LLP**

*Jeanine Zalduendo*
_____

Jeanine Zalduendo
Attorneys for Plaintiff X CORP.

DATED: March 5, 2026 　　　　　　　　**MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP**

s/ *Jason A. Crotty*
_____

Jason A. Crotty
Attorneys for Defendants YAO YUE and IOP SYSTEMS, INC.

**Local Rule 5-1(i)(3) Attestation**

I, Jeanine Zalduendo, counsel of record for Plaintiff X Corp. in this case, hereby attest that each of the other signatories to this document concurred in the filing of this document.

DATED: March 5, 2026 　　　　　　　　*Jeanine Zalduendo*
_____

Jeanine Zalduendo

9

JOINT CASE MANAGEMENT STATEMENT

## PROOF OF SERVICE

I, William Odom, declare:

1.  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.

2.  My business address is RFZ LAW LLP, 315 W. 9th Street, Suite 1200, Los Angeles, CA 90015.

3. On March 5, 2026, I served the document(s) described as **JOINT CASE MANAGEMENT STATEMENT** on the interested parties in this action as follows:

| | |
|---|---|
| **MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP** Sterling A. Brennan (SBN 126019) Christina L. Trinh (SBN 307879) 100 Spectrum Center Drive, Suite 1200 Irvine, CA 92618 Telephone: (949) 202-1900 Email: *sbrennan@mabr.com* Email: *ctrinh@mabr.com* <br><br> Jason A. Crotty (SBN 196036) 450 Sansome Street, Suite 1005 San Francisco, CA 94111 Telephone: (415) 738-6228 Email: *jcrotty@mabr.com* | Attorneys for Defendants Yao Yue and IOP Systems, Inc. |

By E-Service (ECF): I submitted an electronic version of this document and exhibits, if any, via PDF to all parties via the Court's CM/ECF system.

[Federal] I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 5, 2026 at Los Angeles, California.

s/ *William Odom*

_____

William Odom

JOINT CASE MANAGEMENT STATEMENT